No. 4963.

C. CAMUTZ, Syndic, *v.* THE BANK OF LOUISIANA, L. F. GENERES, Garnishee.

The plaintiff having obtained judgment against the Bank of Louisiana, took garnishment process against Generes and sought to make him liable. Generes excepts on several grounds, and among others—that the plaintiff made proof before a register of the United States District Court of the judgment obtained by him against the said bank which had been declared bankrupt, and filed his proof with the assignees on July 3, 1871, thereby making himself a party to the bankrupt proceedings and abandoning all other rights, liens and privileges against the bankrupt, except those reserved by said proof; that by the order of the United States District Court, rendered July 1, 1869, all persons were injoined and restrained from interfering with the assets or property of the bank. The exceptions were correctly sustained by the court *a qua.*

APPEAL from the Superior District Court, parish of Orleans. *Hawkins*, J. *George L. Bright*, for plaintiff and appellant. *Clarke, Bayne & Renshaw*, for defendant and appellee.

TALIAFERRO, J. The plaintiff having obtained judgment against the Bank of Louisiana, took garnishment process against Generes and sought to make him liable. Generes excepted on the grounds:

*First*—That on the twenty-second May, 1868, at the suit of the State against the Louisiana Bank a judgment was rendered annulling its charter and staying all judicial proceedings against the bank. The president of the bank was injoined from paying out any of its funds or disposing of any of its assets, and the judgment also provided for placing the affairs of the bank in liquidation.

*Second*—That in January, 1870, the said bank was decreed bankrupt by the District Court of the United States, sitting in Louisiana, and all its assets were assigned to Aristide Miltenberger, and Emory E. Norton appointed assignee.

*Third*—That the plaintiff, C. Camutz, syndic, made proof before a register of the United States District Court, of the judgment obtained by him against the said bank and filed his proof with the assignee on the third of July, 1871, thereby making himself a party to the bankrupt proceedings, and abandoning all other rights, liens and privileges against the bankrupt except those reserved by said proof.

*Fourth*—That by the order of the United States District Court, rendered July 1, 1869, all persons were injoined and restrained from interfering with the assets or property of the bank.

The exceptions were sustained and the rule taken dismissed. The plaintiff appeals. The evidence sustains the allegations made in the exceptions, and we think the judgment of the lower court correct.

Judgment affirmed.